6455.   BLACK *v.* THE STATE.

BROYLES, J.   1.   The evidence demanded a finding that the defendant had entered upon the land of the prosecutor and cut down some trees thereon, but did not conclusively show that he did so knowingly and wilfully. However, there was sufficient evidence from which the jury could have reasonably inferred that he did do so knowingly and wilfully; and consequently the evidence authorized the conviction.

2.   The court erred in charging as follows:   "That part of the defendant's statement to the effect that they had offered to settle and dispose of the case on the payment of $1 and costs you need not consider in this case." The defendant, in his statement at the trial, was contending that in cutting the timber he acted in good faith and in the honest belief that he was upon his own land, and he declared: "In cutting this timber I was cutting it under this [the Philbrick] survey, and I thought I was entitled to the land. I have been offered to settle this case, two or three times, by paying $1 and the costs in this case, and settle it, but I wouldn't do it. I am not guilty. I cut the timber under the deed and survey when I did this work clearing around the lot. Possibly there was a little mistake in Mr. Philbrick's survey." It is well settled that a defendant in a criminal case, in this State, has the right to make such statement to the court and jury as he may deem proper in his defense. This right can be abridged only when, in his statement, he leaves the case and the parties thereto, and discusses matters entirely foreign to his defense and the issues involved. In his statement the defendant is not restricted, as is a witness, by the rules of evidence. In our opinion the foregoing charge of the court was erroneous; for while an effort of settlement could not affect the guilt or innocence of the accused, yet the fact that the offer to settle for a nominal sum had been made to him and refused by him was a fact that he had a right to state, and to have the jury consider in determining the question of his good or bad faith in entering upon the prosecutor's premises and felling timber thereon.

3.   The assignments of error other than those dealt with above are without merit.                                                 *Judgment reversed.*

DECIDED OCTOBER 22, 1915.

Indictment for trespass; from Habersham superior court—Judge J. B. Jones.   March 5, 1915.

*Sam Kimzey,* for plaintiff in error.

*J. C. Edwards, solicitor-general pro tem.*